## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELISAVET LOIZOS<br>65 W. Walnut St. A<br>Souderton, PA 18964 | : <br> : <br> : | <br> CIVIL ACTION |
| | : | |
| Plaintiff, | : | No.: |
| | : | |
| v. | : | |
| | : | |
| TKO EMPLOYMENT SERVICES | : | |
| DELAWARE, LLC D/B/A HAMPTON | : | |
| INN & SUITES KUTZTOWN | : | |
| 15080 Kutztown Road | : | |
| Kutztown, PA 19530 | : | |
| and | : | |
| TKO HOSPITALITY, LLC | : | **JURY TRIAL DEMANDED** |
| 323A Rehoboth Ave. | : | |
| Rehoboth Beach, DE 19971 | : | |
| | : | |
| Defendants. | : | |
| | : | |

## CIVIL ACTION COMPLAINT

Plaintiff, by and through her undersigned counsel, hereby avers as follows:

## INTRODUCTION

1.      This action has been initiated by Elisavet Loizos (hereinafter referred to as "Plaintiff") against TKO Employment Services Delaware, LLC and TKO Hospitality, LLC (hereinafter collectively referred to as "Defendants"). Plaintiff asserts violations of the Americans with Disabilities Act, as Amended ("ADA" – 42 U.S.C. §§ 12101 *et. seq.*), the Family and Medical Leave Act ("FMLA" - 29 U.S.C. §2601 et seq.), and the Pennsylvania Human Relations Act ("PHRA").[1] Plaintiff contends she was subjected to discriminatory and retaliatory mistreatment

---

[1] Plaintiff's claims under the PHRA is referenced herein for notice purposes. She is required to wait 1 full year before initiating a lawsuit for date of dual-filing with the EEOC. Plaintiff must however file her lawsuit in advance of same

while employed with Defendants (as explained *infra*) and that she was unlawfully terminated from her employment.

## JURISDICTION AND VENUE

2.      This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Plaintiff's claims because this civil action arises under laws of the United States.

3.      This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4.      Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district, and in addition, Defendants are deemed to reside where they are subject to personal jurisdiction, rendering Defendants residents of the Eastern District of Pennsylvania.

5.      Plaintiff is proceeding herein under ADA and has properly exhausted her administrative remedies with respect to such claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety (90) days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

## PARTIES

6.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

---

because of the date of issuance of her federal right-to-sue letter under the ADA. Plaintiff's claims under the PHRA will mirror her ADA claims asserted herein.

7.     Plaintiff is an adult individual, with an address as set forth in the caption.

8.     Defendant TKO Employment Services Delaware LLC and TKO Hospitality LLC are joint employers with headquarters in Delaware, providing full-service hospitality management with hotels, resorts, restaurants, and catering throughout Delaware, Maryland and Pennsylvania.

9.     Because of their interrelations of operations, common ownership or management, centralized control of labor relations, common financial controls, and other factors, Defendants are sufficiently interrelated and integrated in their activities, labor relations, ownership and management such that they may be treated as a single and/or joint employer for purposes of the instant action.

10.     At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## **FACTUAL BACKGROUND**

11.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

12.     Plaintiff was hired by Defendants on or about June 6, 2022, for the position of General Manager ("GM").

13.     Plaintiff held the title of GM throughout her employment with Defendants, until she was wrongfully terminated on or about March 23, 2026, for reasons discussed *infra.*

14.     At all times during her employment with Defendants, Plaintiff worked at Defendants' Hampton Inn & Suites Kutztown location (hereinafter "Kutztown"), located at 15080 Kutztown Road, Kutztown, Pennsylvania.

15. While employed with Defendants, Plaintiff was supervised by several of Defendants' managers including Chief Executive Officer ("CEO") Kostas Kalogeropolous (hereinafter "Kalogeropolous"), President and Chief Operating Officer ("COO"), Vince DiFonzo (hereinafter "V. DiFonzo"), and Vice President ("VP") of Operations, Drew DiFonzo (hereinafter "D. DiFonzo").

16. Throughout her tenure with Defendants, Plaintiff was a hard-working employee who performed her job responsibilities in a dutiful and highly competent manner, without being subjected to a history of discipline.

17. For example, Plaintiff received no less than five (5) recognition awards for excellence, including most recently, the 2025 Annual Award of Excellence.

18. In or about November 2025, Plaintiff began to suffer from ADA-qualifying disabilities, including reproductive problems relating to cancerous cells and fibroids among other complications/conditions.

19. As a result of her aforementioned health conditions, Plaintiff suffered from pain, stiffness, and mobility issues, which (at times) interfered with her ability to perform some daily life activities, such as walking, sitting, and working.

20. Despite her aforesaid health conditions and limitations, Plaintiff was able to perform the essential functions of her position with Defendants; however, she (at times) required some reasonable medical accommodations (discussed further *infra*).

21. At all times relevant herein, Defendants' Director of Human Resources ("HR"), Christine Lauser (hereinafter "Lauser"), and management including D. DiFonzo, V. DiFonzo and Kalogeropolous were aware of Plaintiff's disabilities.

22. As a result of her disabilities, Plaintiff was required to undergo a hysterectomy.

23. On or about November 25, 2025, Plaintiff notified Lauser of her need for surgery and requested medical leave paperwork so that she could take an FMLA block-leave of absence for approximately six (6) weeks beginning on or about January 15, 2026.

24. Plaintiff's aforesaid leave request was approved under the FMLA.

25. Prior to commencing FMLA leave, Plaintiff was required to train another employee to handle her duties while she was on medical leave.

26. On or about January 12, 2026, while training the aforesaid employee, he stated to Plaintiff: "Hey, I'm sorry for what you're going though." Plaintiff responded, "Oh, Drew told you about what was wrong with me?" In response, this employee stated: "Yes, he told me and Alli."

27. Plaintiff was taken aback and embarrassed that her personal medical information was shared with other managers

28. During her medical leave, which commenced on or about January 15, 2026 and had been approved through on or about February 27, 2026, Plaintiff experienced serious complications, including infections, that required hospitalization and a second surgical procedure.

29. Despite being aware of her approved return-to-work date, Lauser contacted Plaintiff on or about February 25, 2026 to inquire about her return to work, even though she remained on approved leave.

30. As a result of her complications, Plaintiff was required to extend her FMLA leave through on or about March 9, 2026, which she communicated to both management and Human Resources.

31. On March 5, 2026, Plaintiff's oncologist called her and informed her that she had 3 masses: 2 by her left ovary and 1 by her liver, and there were still fluids (blood from the infection) in her stomach.

32.    As a result of the foregoing, Plaintiff's oncologist told her that she would be able to return to work but would require ongoing follow-up appointments.

33.    Therefore, on or about March 5, 2026, Plaintiff notified Defendants' management and HR of her ongoing medical complications/conditions and that while she would still be returning on March 9, 2026, she would be required to miss intermittent time from work to attend follow-up appointments and tests for her serious health conditions.

34.    Plaintiff returned to work from her aforesaid block medical leave on March 9, 2026.

35.    Within days of her return and notifying Defendants' management that she would need additional intermittent time off for reasons related to her disabilities, she was subjected to pretextual discipline for allegations of misconduct, including having a prior affair with an old employee and social media activity from years prior that was unrelated to her job performance.

36.    The aforesaid allegations stemmed from an alleged email that was sent by someone whose name was not divulged to Plaintiff.

37.    When questioned about these allegations by Defendants' management, Plaintiff was open and honest and denied any wrongdoing.

38.    After meeting with Defendants' management regarding the aforesaid alleged misconduct, Defendants' management and HR instructed Plaintiff to have a meeting with her management team the next day, advising them that Defendants were aware of her old social media sites, that Plaintiff was aware of the sites, and that if anyone brings it to their attention to please let Plaintiff know.

39.    Plaintiff did exactly what was instructed of her and met with her management team the next day to convey what she was instructed to tell them (discussed *supra*).

40.    Shortly following the aforesaid meeting with Defendants' management team, Plaintiff reported to work on March 13, 2026 and noticed that her laptop was not in the position that she had left it and there were multiple unsuccessful attempts to gain access to her laptop.

41.    Plaintiff reported the aforesaid issue with her laptop to Corporate Contoller, Valerie Brown (hereinafter "Brown").

42.    Shortly thereafter, another employee came into Plaintiff's office and started questioning what was happening.

43.    Plaintiff explained to this employee what was going on with her laptop, but then the same employee started to ask Plaintiff questions about the report that was made to management regarding Plaintiff's prior social media account and the alleged affair.

44.    Plaintiff thought it was completely inappropriate for this employee to be discussing the aforesaid matter with her.

45.    Because Plaintiff was in the middle of dealing with what appeared to be an attempted breach of her laptop and the fact that the aforesaid employee's line of questioning was completely inappropriate, Plaintiff asked the employee to leave her office.

46.    While the aforesaid employee did not leave Plaintiff's office initially, after asking two more times, she finally stepped out of Plaintiff's office.

47.    Later that morning, Plaintiff was informed that she was being set home pending investigation and was instructed not to contact anyone from the hotel.

48.    Later that afternoon, Plaintiff was contacted by Lauser and asked to handle a payroll item.

49.    Because this request came from HR and Plaintiff did not initiate contact with Lauser, she assumed that she was permitted to fulfill Lauser's request.

50.     Plaintiff was later reprimanded on March 16, 2026 (while still on suspension) for allegedly contacting HR and handling a payroll item (even though she was contacted by HR and asked to handle the payroll issue).

51.     On or about March 20, 2026, Plaintiff was requested to attend a meeting on March 23, 2026.

52.     During the March 23, 2026 meeting, Plaintiff was notified that she was terminated from her employment with Defendants.

53.     The only explanation provided by Defendants for Plaintiff's termination was that she allegedly "did not handle the situation with the email appropriately" (referring to the email sent to Defendants' management accusing her of having an affair and discussing her old social media activity).

54.     However, Plaintiff had done exactly what Defendants' management had asked her to do (discussed *supra*).

55.     Plaintiff was terminated with no prior disciplinary record, yet other similarly situated employees who were not disabled and had engaged in more serious misconduct, including excessive tardiness, leaving work for extended periods while on the clock, bringing children to work and failing to meet required work hours, were not terminated or even disciplined.

56.     Additionally, Plaintiff previously terminated an employee for using a racial slur towards a colleague, but Defendants subsequently decided to bring that individual back to work.

57.     Only after Plaintiff filed an EEOC Charge alleging discrimination and retaliation under the ADA, did Defendants change their reasoning for Plaintiff's termination and claim that Plaintiff's termination "resulted from legitimate workplace concerns, retaliatory conduct toward

8

team members, violation of directives during suspension, and loss of confidence in her leadership abilities."

58.    None of the foregoing reasons were discussed at the time of Plaintiff's termination and prior to her termination, Plaintiff had never been disciplined for any workplace concerns, issues with leadership, or negative treatment of her team members.

59.    Based on the foregoing, Plaintiff believes and avers that she was terminated for discriminatory and retaliatory reasons in violation of federal and state law.

**Count I**
**Violations of the Americans with Disabilities Act, as amended ("ADA")**
**([1] Actual/Perceived/Record of Disability Discrimination; & [2] Retaliation)**
**-Against Both Defendants-**

60.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

61.    Plaintiff's actual, perceived and/or record of disability was a motivating or determinative factor in Defendants' decision to suspend her and then ultimately terminate her employment.

62.    Plaintiff also believes and avers that Defendants suspended her and then terminated her employment in retaliation for engaging in protected activity under the ADA.

63.    These actions as aforesaid constitute violations of the ADA, as amended.

**Count II**
**Violations of the Family and Medical Leave Act ("FMLA")**
**(Retaliation & Interference)**
**-Against Both Defendants-**

64.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

9

65.     Plaintiff was an eligible employee under the definitional terms of the FMLA, 29 U.S.C. § 2611(a)(i)(ii).

66.     Plaintiff requested leave for medical reasons from Defendants, her employers, with whom she had been employed for at least twelve (12) months pursuant to the requirements of 29 U.S.C. § 2611(2)(i).

67.     Plaintiff had at least 1,250 hours of service with Defendants during her last full year of employment.

68.     Defendants are engaged in an industry affecting commerce and employed at least fifty (50) or more employees within 75 miles of the location where Plaintiff worked for Defendants for each working day during each of the twenty (20) or more calendar work weeks in the current or proceeding calendar year, pursuant to 29 U.S.C.A § 2611(4)(A)(i).

69.     Plaintiff was entitled to receive leave pursuant to 29 U.S.C.A § 2612 (a)(1) for a total of twelve (12) work weeks of leave on a block or intermittent basis.

70.     Plaintiff suffered from serious health conditions within the meaning of the FMLA.

71.     Plaintiff exercised her rights under the FMLA by requesting and/or utilizing block and intermittent leave for her serious health condition.

72.     Defendants committed interference and retaliation violations of the FMLA by: (1) terminating Plaintiff for requesting and/or exercising her FMLA rights and/or for taking FMLA-qualifying leave; (2) considering Plaintiff's FMLA leave needs in making the decision to terminate her; (3) taking actions towards her which would deter a reasonable person in her position from taking FMLA-qualifying leave; and (4) terminating her to prevent her from taking FMLA-qualifying leave in the future.

73.     Defendants' actions as aforesaid constitute violations of the FMLA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.      Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority;

B.      Plaintiff is to be awarded punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants and other employers from engaging in such misconduct in the future;

C.      Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate (including but not limited to damages for emotional distress/pain and suffering);

D.      Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law;

E.      Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

F.      Plaintiff's claims are to receive trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By:

Ari R. Karpf, Esq. (91538)
8 Interplex Drive, Suite 210
Feasterville-Trevose, PA 19053
215-639-0801 (P)
215-639-4970 (F)
akarpf@karpf-law.com

Dated: August 5, 2026

12

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

Elisavet Loizos                                        :                    CIVIL ACTION
                                                       :
                  v.                                   :
                                                       :
TKO Employment Services Delaware, LLC d/b/a Hampton Inn & Suites Kutztown, et al. NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                        (  )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                          (  )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   (  )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                   (  )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                      (  )

(f) Standard Management – Cases that do not fall into any one of the other tracks.               (x )

| 8/5/2026 | | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction:  Defendants place of business

---

***RELATED CASE IF ANY:***  Case Number:_____  Judge:_____

1.  Does this case involve property included in an earlier numbered suit?    Yes ☐

2.  Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?    Yes ☐

3.  Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?    Yes ☐

4.  Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?    Yes ☐

5.  Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation.    Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

**A.** *Federal Question Cases:*

☐ 1.  Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2.  FELA
☐ 3.  Jones Act-Personal Injury
☐ 4.  Antitrust
☐ 5.  Wage and Hour Class Action/Collective Action
☐ 6.  Patent
☐ 7.  Copyright/Trademark
☐ 8.  Employment
☐ 9.  Labor-Management Relations
☒ 10.  Civil Rights
☐ 11.  Habeas Corpus
☐ 12.  Securities Cases
☐ 13.  Social Security Review Cases
☐ 14.  Qui Tam Cases
☐ 15.  Cases Seeking Systemic Relief  ***see certification below***
☐ 16.  All Other Federal Question Cases. *(Please specify)*:_____

**B.** *Diversity Jurisdiction Cases:*

☐ 1.  Insurance Contract and Other Contracts
☐ 2.  Airplane Personal Injury
☐ 3.  Assault, Defamation
☐ 4.  Marine Personal Injury
☐ 5.  Motor Vehicle Personal Injury
☐ 6.  Other Personal Injury *(Please specify)*:_____
☐ 7.  Products Liability
☐ 8.  All Other Diversity Cases:  *(Please specify)*_____
_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒  Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐  None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

LOIZOS, ELISAVET

**DEFENDANTS**

TKO EMPLOYMENT SERVICES DELAWARE, LLC D/B/A HAMPTON INN & SUITES KUTZTOWN, ET AL.

**(b)** County of Residence of First Listed Plaintiff   Montgomery
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Berks
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY**    **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane    [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability    [ ] 367 Health Care/ Pharmaceutical | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander    Personal Injury | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers'    Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | Liability    [ ] 368 Asbestos Personal | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 340 Marine    Injury Product Liability | | [ ] 840 Trademark | [ ] 460 Deportation |
| | [ ] 345 Marine Product Liability    **PERSONAL PROPERTY** | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle    [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle    [ ] 371 Truth in Lending | [ ] 720 Labor/Management | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | Product Liability    [ ] 380 Other Personal | Relations | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal    Property Damage | [ ] 740 Railway Labor Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | Injury    [ ] 385 Property Damage | [ ] 751 Family and Medical | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| | [ ] 362 Personal Injury - Medical Malpractice    Product Liability | Leave Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS**    **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights    **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | | [ ] 895 Freedom of Information Act |
| [ ] 220 Foreclosure | [ ] 441 Voting    [ ] 463 Alien Detainee | | **FEDERAL TAX SUITS** | [ ] 896 Arbitration |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment    [ ] 510 Motions to Vacate Sentence | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations    [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | |
| [ ] 245 Tort Product Liability | [X] 445 Amer. w/Disabilities - Employment    [ ] 535 Death Penalty | | | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other    **Other:** | **IMMIGRATION** | | |
| | [ ] 448 Education    [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | |
| | [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions | | |
| | [ ] 555 Prison Condition | | | |
| | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101); FMLA (29USC2601)

Brief description of cause:
Violations of the ADA, FMLA and the PHRA.

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____ DOCKET NUMBER _____

DATE   8/5/2026    SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____